**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUA TANG; PENGZONG SHEN, | No. 10-72531 |
| Petitioners, | Agency Nos.    A099-370-481 |
| v. |               A098-691-921 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2014**
Pasadena, California

Before: BRIGHT,*** FARRIS, and HURWITZ, Circuit Judges.

Hua Tang and Pengzong Shen petition for review of a decision of the Board of

Immigration Appeals (BIA), affirming the denial by an immigration judge (IJ) of their

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     \*\*\*     The Honorable Myron H. Bright, Senior Circuit Judge for the U.S.
Court of Appeals for the Eighth Circuit, sitting by designation.

applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Tang and Shen, husband and wife, are Chinese nationals. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

Under the REAL ID Act, Pub. L. No. 109–13, 119 Stat. 231 (2005), an IJ must provide "specific and cogent reasons supporting an adverse credibility determination," *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010). The IJ's adverse credibility determination in this case fell short of that standard in several respects.

1. Tang submitted a document from the Shanghai Industry and Commerce Administrative Management Bureau indicating that Tang owned the Fada Grocery Store, where she allegedly held church services that led to incarceration and physical mistreatment. The IJ discounted this document because it was not authenticated by the Chinese government. Absence of authentication, however, cannot support an adverse credibility determination unless there is evidence of forgery or other unreliability. *Zhou v. Gonzales*, 437 F.3d 860, 866 (9th Cir. 2006). The IJ never asked Tang how she obtained the document nor told her that it would be discounted if not authenticated. *See Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011).

2. If an alien offers a reasonable and plausible explanation for an apparent inconsistency, "the IJ must provide a specific and cogent reason for rejecting it." *Rizk*

2

*v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). The IJ's adverse credibility determination relied heavily on the fact that Tang's household registration did not list her Fada store. Tang testified that the Fada store was not listed on her household registration because the authorities are only concerned with confirming that the home address is accurate, not employment information. The IJ failed to address this explanation. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091–92 (9th Cir. 2009).

3. The IJ's adverse credibility determination also relied on an inconsistency between Tang's testimony and her non-immigrant visa application, which listed a garment company as her employer. Tang testified that her "friend who helped [her] with the paperwork" instructed her to list the garment factory. This explanation was never addressed by the IJ or the BIA. *See also Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) (noting that lies used to gain entry into the United States "can't count against" an asylum applicant) (discussing *Akinmade v. INS*, 196 F.3d 951 (9th Cir. 1999)).

4. Because Shen's claims are derivative of Tang's, his testimony can only support an adverse credibility determination with respect to Tang if inconsistent with her claims or testimony. *See* 8 U.S.C.A. § 1158(b)(1)(B)(iii). The IJ did not identify any such inconsistencies, but nonetheless discounted Tang's credibility because of

3

Shen's fraudulent application. This was error, because there was no evidence that Tang assisted Shen in preparing his fraudulent application.

\* \* \* \*

We grant the petition and remand to the BIA on an open record for further proceedings consistent with this disposition.

**PETITION GRANTED; REMANDED**.